# Morgan Lewis

**John McGahren**
Partner
+1.212.309.6000
John.mcgahren@morganlewis.com

December 13, 2023

**VIA ECF**

The Honorable Robert M. Levy, U.S.M.J.
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Hicksville Water District v. Jerry Spiegel Associates, Inc., et al.*, Index No. 19-CV-06070-PKC-RML
<u>GTE Sylvania Defendants' Motion to Compel – Supplemental Information</u>

Dear Judge Levy:

We represent Defendant Osram Sylvania Products, Inc. ("Osram") GTE Corporation, and GTE Operations Support Incorporated (collectively, the "GTE Sylvania Defendants") in this matter. The Court has set oral argument on the GTE Sylvania Defendants' motion to compel settlement-related information (ECF Nos. 372, 379, and 381) for December 21, 2023, at 2:00 pm. We submit the following newly obtained information in support of the motion.

Plaintiff's position is that the requested information relating to settlements entered into by the water district that have been and will be used to fund the installation, operation, and maintenance of AOP treatment systems to remove 1,4-dioxane contamination ("AOP systems") is discoverable, but that the GTE Sylvania Defendants must seek such discovery solely by deposing Plaintiff's corporate representatives. ECF No. 379 at 6 ("Any further inquiries into specifics are best carried out by conducting depositions of Plaintiff's representatives. This would provide Defendants with a perfect opportunity to get the answers they seek, in a direct, efficient manner.").

However, when the GTE Sylvania Defendants deposed Plaintiff's first Rule 30(b)(6) corporate representative, water district Superintendent Paul Granger, on November 29, 2023 (*see* Exhibit A – Testimony of Paul Granger - Excerpted Portions) *without* the benefit of the settlement-related documents, the witness could not provide information regarding these settlements and repeatedly referenced documents from which he could have answered the questions. Mr. Granger confirmed that the water district has received substantial settlement funding for the installation, operation, and maintenance of the AOP systems at Plants 4 and 5 – the same (and only) costs it seeks from the defendants in this case. Granger Dep. Tr. 120:22-121:4. But beyond confirming high-level line-item references to settlement funding, Mr. Granger was unable to identify which litigations resulted in which settlements, the amount of

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY  10178-0060
United States

☎ +1.212.309.6000
📠 +1.212.309.6001

The Honorable Robert M. Levy, U.S.M.J.
December 13, 2023
Page 2

any settlements, any restrictions on the use of the settlement funds such as for the removal of particular contaminants or for use at particular plants, or whether and how the settlement funds had been spent to date. He repeatedly referred to documents from which this information could be ascertained, including accounting documents maintained by the water district's treasurer (*id.* 278:10-17; 276:19-277:5); special resolutions of the water district's Board of Commissioners approving each settlement (*id.* 264:5-18); and bank statements for the interest-bearing accounts where the water district routinely placed settlement funds (*id.* 280:5-281:5). In other words, he deferred to the very kinds of documents Plaintiff has refused to produce.

Mr. Granger testified that neither he nor the Board of Commissioners of the water district reviewed the settlement agreements relating to the eight settlements entered into by the water district in this litigation, and had absolutely no knowledge relating to any of these settlements, including their amounts, how they were restricted, and whether they have been spent, other than a rough approximation of the amount received from each defendant. *Id.* 281:18-290:8.

Mr. Granger did confirm that <u>all</u> of the money Plaintiff has spent to date to install the AOP system at Plant 4 came from settlement of a prior litigation. *Id.* 248:10-249:2, 251:18-22 (Q: But as you just testified, the total funding so far for the Plant 4 treatment system has come solely from the Plant 4 settlement, is that correct? A: Yes.). He also confirmed that funds received in connection with the settlement of a separate lawsuit filed against the GTE Sylvania Defendants and others in 2011 funded nearly $4.3 million in costs towards installing the AOP system at Plant 5. *Id.* 273:13-276:3. When pressed for where Defendants could find confirmation on the exact settlements which funded the AOP system at Plant 5, Mr. Granger referred to the accounting documents maintained by Plaintiff. *Id.* 276:19-277:5.

Finally, Mr. Granger also testified that this month Plaintiff's Board of Commissioners will determine whether to opt-out of a proposed class action settlement involving contamination of Plaintiff's water supply by perfluorinated compounds ("PFCs"), in an action brought against the manufacturers of firefighting foams. *Id.* 39:5-41:3. Because the AOP systems installed at Plants 4 and 5 also serve to remove PFCs from Plaintiff's water supply, this funding and any subsequent settlement funding received for PFC contamination would also be relevant in this matter.[1]

Under these circumstances, Plaintiff should be compelled to disclose the settlement documents that Mr. Granger referenced, including the settlement agreements themselves, the special resolutions of the Board of Commissioners approving such settlements, and any documents showing the actual accounting of the settlement funds maintained by the water district's accounting department.

Mr. Granger's continued deposition is scheduled for Wednesday, January 31, 2024. The GTE Sylvania Defendants request that Plaintiff be compelled to produce the requested information in advance of this second day of testimony.

Thank you for your consideration.

---

[1] The PFC settlement is also relevant to a pending related matter filed by the water district against the GTE Sylvania Defendants and others, *Hicksville Water District v. Alsy Manufacturing et al*, 2:23-cv-06336-GRB-RML.

The Honorable Robert M. Levy, U.S.M.J.
December 13, 2023
Page 3

Respectfully submitted,

*s/ John McGahren*
John McGahren

CC: All counsel of record