UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
HICKSVILLE WATER DISTRICT,

                Plaintiff,

      - against -

JERRY SPIEGEL ASSOCIATES, INC., *et al.*,

                Defendants.
------------------------------------------------------x

**ORDER**
19-CV-6070 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

The Court is in receipt of Defendant Air Techniques, Inc.'s ("Air Techniques") letter motion and the related submissions (*see* Dkts. 399, 401, 403, 407); Defendants Osram Sylvania Products, Inc., GTE Corporation, and GTE Operations Support Incorporated's (collectively, the "GTE Sylvania Defendants") letter motion and the related submission (*see* Dkts. 400, 402); Defendants Grand Machinery Exchange, Inc. and Tishcon Corporation's letter motions (*see* Dkts. 404, 405); and Defendant Efficiency Systems Co, Inc.'s Stipulation of Dismissal (*see* Dkt. 406). Upon reviewing the above submissions, the Court orders the following. With respect to Defendants Grand Machinery Exchange, Inc., Tishcon Corporation, and Efficiency Systems Co, Inc.: (1) Defendants Grand Machinery Exchange, Inc. and Tishcon Corporation's <u>amended</u> letter motion is granted (*see* Dkt. 405), and accordingly their proposed orders are So Ordered (*see* Dkts. 405-1, 405-2). In light of Defendants Grand Machinery Exchange, Inc. and Tishcon Corporation's <u>amended</u> letter motion (*see* Dkt. 405), their earlier-filed motion is terminated as moot (*see* Dkt. 404); and (2) Defendant Efficiency Systems Co, Inc.'s Stipulation of Dismissal is So Ordered (*see* Dkt. 406).

With respect to Air Techniques and the GTE Sylvania Defendants, each of them has separately reached settlement with Plaintiff in the instant case, and pursuant to those settlements,

request the Court to enter their respectively proposed dismissal orders dismissing them from this case pursuant to Federal Rule of Civil Procedure 41(a)(2). (*See* Dkts. 399, 400.) While their proposed dismissal orders are essentially identical to the orders that the Court previously entered dismissing other settling defendants in this action, each of the two proposed orders includes new terms. (*See* Dkts. 399-1, 400-1.) In particular, Air Techniques' proposed order includes a separate paragraph adding an express reservation for its contractual rights of indemnification, if any, against the GTE Sylvania Defendants stemming from certain written indemnity agreements between them (*see* Dkt. 399-1, at 2–3), which the GTE Sylvania Defendants do not appear to object to (*see generally* Dkts. 400, 402). Air Techniques demands that the GTE Sylvania Defendants include the same language concerning Air Techniques' reservation of its contractual indemnification rights in the GTE Sylvania Defendants' proposed dismissal order. (*See generally* Dkts. 401, 403, 407.) However, the GTE Sylvania Defendants dispute the applicability of the indemnity agreements, and accordingly object to the inclusion of such language in their own proposed order, contending that the "alleged contractual indemnification claims were not asserted by Air Techniques in this action and are not before this Court." (Dkt. 400, at 1; *see also* Dkt. 402, at 1.) Given the GTE Sylvania Defendants' refusal, Air Techniques opposes entry of the GTE Sylvania Defendants' proposed dismissal order because it could be construed to affect Air Techniques' express contractual indemnification rights. (*See generally* Dkts. 401, 403, 407.) For the following reasons, the Court agrees with Air Techniques and directs the GTE Sylvania Defendants to modify their proposed dismissal order to align with the one proposed by Air Techniques.

First, "[f]ederal courts may approve private-party [Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA")] settlements barring contribution claims against the settling defendant." *Garrison Southfield Park LLC v. Closed Loop Refining &*

*Recovery, Inc.*, No. 17-CV-783, No. 19-CV-1041, 2021 WL 4397865, at *13 (S.D. Ohio Sept. 27, 2021).  A settlement in the context of CERCLA must be procedurally and substantively fair.  *See 55 Motor Ave. Co. v. Liberty Indus. Finishing Corp.*, 332 F. Supp. 2d 525, 530 (E.D.N.Y. 2004) ("The fairness of a CERCLA settlement is judged in both procedural and substantive terms." (citing *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 86–89 (1st Cir. 1990))).  "Contribution bars in private-party settlements rest on equitable considerations and ultimately fall within the overall substantive fairness analysis."  *Garrison Southfield Park*, 2021 WL 4397865, at *14.  "A settlement is substantively fair when it effectively achieves 'corrective justice and accountability: a party should bear the cost of the harm for which it is legally responsible.'"  *55 Motor Ave. Co.*, 332 F. Supp. 2d at 530–31 (quoting *Cannons Eng'g Corp.*, 899 F.2d at 87).  Notably, "[t]he scope of the fairness considerations extends beyond the interests of the settling parties."  *King County v. IKB Deutsche Industriebank AG*, No. 9-CV-8387 (SAS), 2012 WL 3114930, at *2 (S.D.N.Y. Aug. 1, 2012).  "Where the rights of third parties are affected[,] [] their interests too must be considered."  *Id.*  (quoting *In re Masters Mates & Pilots Pension Plan & IRAP Litig.*, 957 F.2d 1020, 1026 (2d Cir. 1992)).  Here, "[w]hile contribution bars are key tools for incentivizing settlement in CERCLA cases—and while ensuring prompt remediation of the hazardous waste [at issue in this case] is paramount"—by their proposed dismissal order, the GTE Sylvania Defendants essentially "ask the Court to exceed the bounds of substantive fairness in extinguishing [their] contractual obligations[, if any,] to [Air Techniques,]" *Garrison Southfield Park*, 2021 WL 4397865, at *13, or, at a minimum, to create unnecessary ambiguity about whether, despite settling with Plaintiff, Air Techniques has reserved any right to indemnification it might have against the GTE Sylvania Defendants.  Like the relevant parties in *Garrison Southfield Park*, Air Techniques and the GTE Sylvania Defendants "privately allocated liability risks in a bargained-for exchange on top of those

3

risks existing in statute and the common law." 2021 WL 4397865, at *14; (*see* Dkt. 399, at 3 ("Air Techniques is a Party to certain written agreements containing indemnification provisions with the GTE [Sylvania Defendants] including, but not limited to, the Indemnity Agreement dated January 27, 2003 and July 12, 2004 . . . , an April 2, 1992 Indemnity Agreement[,] and a 1989 Stipulation of Settlement of certain prior litigation with the GTE [Sylvania Defendants.]")). "It would be patently unfair to relieve [the GTE Sylvania Defendants] of [their] contractual duties[, if any,] through a private settlement with [Plaintiff,] a non-party to those contracts [that does not include Air Techniques.]" *Garrison Southfield Park*, 2021 WL 4397865, at *14; *see also United States v. Hardy*, No. 90-CV-695, 90-CV-792, 1992 WL 439759, at *2 (W.D. Ky. Sept. 9, 1992) ("[N]othing in the [CERCLA] operates to prevent enforcement of contractual indemnification rights against settling parties. If a party has a contractual agreement for indemnification, it will not be deprived of protection 'bought and paid for.'" (internal citation omitted)); *City of San Diego v. Nat'l Steel & Shipbuilding Co.*, No. 9-CV-2275, 2014 WL 3489282, at *20 (S.D. Cal. July 10, 2014) (applying the Uniform Comparative Fault Act and determining that claims for express breach of contract were excluded from the contribution bar in the CERLCA settlement). Like the *Garrison Southfield Park* court, the Court is cognizant of the possibility that asking the GTE Sylvania Defendants to include languages acknowledging Air Techniques' reservation of contractual indemnification rights "may disincentivize [the GTE Sylvania Defendants] from settling," which may "cut[] against CERCLA's goal of encouraging prompt settlement," and of "the very real environmental consequences that come with delaying the cleanup of the hazardous [] waste." *Garrison Southfield Park*, 2021 WL 4397865, at *14. Nevertheless, like the *Garrison Southfield Park* court, the Court "cannot throw all considerations of fairness to [Air Techniques] out the window." *Id.* "Thus, approving [the GTE Sylvania Defendants'] proposed [dismissal order with

4

this language] would allow [the GTE Sylvania Defendants] to cut and run—stripping [Air Techniques] of [its] bargained-for contractual rights while at the same time leaving [it] exposed to liability in this case solely because of those contracts." *Id.*

Second, as Air Techniques emphasized in its submissions and the Court agrees, Air Techniques' proposed reservation language "does not in any manner ask [the] Court to determine whether or not [the GTE Sylvania Defendants] are ultimately obligated to defend and indemnify Air Techniques under the contractual agreements . . . . It only requests that Air Techniques' claims under those agreements (i.e., for defense and indemnity) are <u>reserved</u> and not foreclosed by virtue of the settlement[.]" (Dkt. 399, at 4; *see also* Dkt. 407, at 2.)

Third, it makes no logical sense to have only the indemnitee's—here, Air Techniques'—proposed order contain a reservation of its contractual indemnification rights against the GTE Sylvania Defendants and not have a parallel acknowledgement of that reservation in the indemnitors'—here, the GTE Sylvania Defendants'—order. This would only sow confusion and unnecessarily spawn litigation down the road.

Lastly, the Court disagrees with the GTE Sylvania Defendants' assertions that Air Techniques' alleged contractual indemnification claims were not asserted in this action, are not before this Court, and thus have no bearing on the GTE Sylvania Defendants' request to be dismissed from this action. Air Techniques' reservation of contractual indemnification rights against the GTE Sylvania Defendants is inseparable from Air Techniques' settlement with Plaintiff in this case, which the Court is now being asked to approve.

Based on the foregoing and in order to fully protect Air Techniques' interests and achieve the protections sought by the GTE Sylvania Defendants, the Court (1) grants Air Techniques' motion, and accordingly So Orders its proposed dismissal order (*see* Dkts. 399, 399-1); and (2)

5

denies the GTE Sylvania Defendants' motion (*see* Dkt. 400), and directs the GTE Sylvania Defendants to modify their proposed dismissal order so as to include the same language concerning Air Techniques' reservation of contractual indemnification rights, if any, against the GTE Sylvania Defendants to align with Air Techniques' proposed order, and, by **4/26/2024**, file a revised proposed dismissal order reflecting this change for the Court's approval.

        SO ORDERED.

        */s/ Pamela K. Chen*
        Pamela K. Chen
        United States District Judge

Dated: April 19, 2024
      Brooklyn, New York