UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
Hicksville Water District,

                      Plaintiff,

            - against -

Jerry Spiegel Associates, Inc., *et al.*,

                      Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-6070 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

Plaintiff Hicksville Water District ("Plaintiff") commenced this action against more than 50 entities under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") of 1980, 42 U.S.C. §§ 9607 and 9613, and state law, alleging that Defendants contaminated Plaintiff's 14 water supply wells with the chemical 1,4-Dioxane. (*See* Amended Complaint, Dkt. 112.) Plaintiff has settled with all but one Defendant, Alsy Manufacturing, Inc. ("Alsy" or "Defendant"). (Dkts. 421, 423.) Before this Court is Plaintiff's motion for default judgment against Alsy. (Dkt. 380.) For the reasons stated below, Plaintiff's motion is denied without prejudice.

## BACKGROUND

The Court assumes Plaintiff's familiarity with the facts and procedural background of the case, and only sets forth additional facts that are relevant to the instant motion.[1] Plaintiff requested a certificate of default from the Clerk of Court against Defendant on October 2, 2023. (Dkt. 374.) The Clerk of Court entered default on October 12, 2023. (Dkt. 375.) On November 6, 2023,

---

[1] A detailed description of the factual and procedural history of this case can be found in the Court's Memorandum & Order partially granting Defendants' Motion to Dismiss. (Dkt. 255.)

Plaintiff filed a Motion for Default Judgment, together with an Affirmation in support, directed against Alsy.  (Dkt. 380.)  Since the action against other Defendants was still ongoing, on November 7, 2023, the Court directed Plaintiff to explain whether and why the Court should decide the motion for default judgment against Alsy before the liability of the numerous other defendants in this case had been determined.  (11/7/2023 Min. Entry.)  In response, on November 21, 2023, Plaintiff requested the Court's permission to submit evidence regarding damages in the form of an expert declaration for the Court's consideration.  (Dkt. 383.)  With the Court's permission, on January 8, 2024, Plaintiff submitted such an expert declaration in further support of their default judgment motion.  (Decl. of Timothy McGuire, Dkt. 390 ("McGuire Decl.").)

## DISCUSSION

Plaintiff's motion for default judgment is procedurally defective for multiple reasons.  First, Plaintiff's moving papers did not include a memorandum of law or a proposed order detailing the judgment to be entered, as required by Local Rules 7.1 and 55.2(a)(2).[2]  Local Rule 55.2(a)(2) requires that parties proceeding for default judgment by motion must include all papers as required by Rule 7.1.  Loc. Civ. R. 55.2(a)(2).  Rule 7.1, in turn, requires all motions to include, *inter alia*, "[a] memorandum of law, setting forth the cases and other authorities relied on in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined."  Loc. Civ. R. 7.1(a)(2).  The omission of a memorandum of law that adheres to the requirements of Rule 7.1 is sufficient to warrant denial of a motion for default judgment.  *Yang Ming Marine Transp. Corp. v. JAC Shipping, Inc.*, No. 20-CV-1118 (FB) (RER), 2021 WL 7908014, at *2 (E.D.N.Y. Jan. 7, 2021) (noting that failure to include a memorandum of law

---

[2] The Court cites the version of Local Rules in effect as of July 1, 2024.  *See* Loc. Civ. R. 1.1 (stating general applicability of Local Rules effective July 1, 2024, to "actions pending . . . on or after that date").

"is sufficient in and of itself to warrant denial of the motion for default judgment").  Here, although Plaintiff included an attorney declaration in support of its motion, (*see* Dkt. 383), such an affirmation does not take the place of a memorandum of law, *see Lopez v. Metro & Graham, LLC*, No. 22-CV-332 (CBA) (RER), 2022 WL 18809176, at *3 (E.D.N.Y. Dec. 16, 2022) ("Although Plaintiff's counsel submitted an attorney declaration in support of the Motion containing his legal argument, such an affirmation does not take the place of a memorandum of law."), *R. & R. adopted*, 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023); *Dejana Indus., Inc. v. Village of Manorhaven*, No. 12-CV-5140 (JS) (SIL), 2015 WL 1275474, at *3 (E.D.N.Y. Mar. 18, 2015) ("[U]nder Local Civil Rule 7.1, legal argument must be set forth in a memorandum of law, not in an attorney affirmation.").

Second, Plaintiff failed to file a statement of damages that shows "the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs," as required by Rule 55.2(c).  Loc. Civ. R. 55.2(c).  Though Plaintiff submits an expert opinion "on the costs to install and maintain [a] wellhead treatment system at the . . . supply wells to remove contaminants," the statement does not specify the type of damages sought in this action, nor is there any mention of estimated interest, attorneys' fees, and costs.  (Dkt. 390-1.)  Further, the statement of damages cannot be "merely a summarized list of costs . . . [that fails] to include any back-up documentation to support these amounts."  *See Freedom Mortg. Corp. v. Bullock*, No. 19-CV-664 (NGG) (SJB), 2023 WL 5266343, at *6 (E.D.N.Y. Aug. 4, 2023) (denying a motion for default judgment where the statement of damages was not adequately substantiated).

Plaintiff has therefore failed, at a minimum, to adhere to the procedural requirements of a default judgment motion and denial is warranted.[3]  "A motion for default judgment will not be granted unless the party making the motion adheres to *all* of the applicable procedural rules." *Century Surety Co. v. Atweek, Inc.*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018) (emphasis added).

## CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is denied.  Since this is the first denial of the motion for default judgment, the motion is denied without prejudice to renewal.  The motion may be renewed no later than thirty (30) days correcting these deficiencies.  Failure to renew the motion may lead to dismissal of the complaint and a direction that the Clerk close the case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 4, 2024
       Brooklyn, New York

---

[3] Plaintiff's default judgment motion also fails substantively because, as discussed, it neither articulates its damages claim nor provides sufficient evidence to support that claim.